**UNITED STATES of America,**
**Appellee,**

v.

**Christopher Charles CHEVERIE,**
**Defendant–Appellant.**

**No. 05–6605–cr.**

United States Court of Appeals,
Second Circuit.

June 19, 2006.

Marianne Mariano, Federal Public Defender's Office, Western District of New York, Buffalo, New York, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney, Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Honorable JOSEPH M. McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, Honorable KENNETH M. KARAS,[1] District Judge.

### SUMMARY ORDER

Defendant Christopher Charles Cheverie, who served fifteen months' incarceration as a result of his guilty plea to unlawfully transferring a firearm in violation of 18 U.S.C. §§ 922(d)(8) and 924(a)(2), appeals the imposition of a further two-year term of incarceration based on his guilty plea to violating the terms of his supervised release by using cocaine. Cheverie asserts that the district court's sentence was (1) procedurally unreasonable because the court explicitly considered only one of the sentencing factors detailed in 18 U.S.C. § 3553(a), and (2) substantively unreasonable because it was greater than necessary to achieve the court's stated goal of providing defendant with treatment for his substance abuse problem, as well as out of proportion to the violation conduct. In addressing these arguments, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In reviewing a sentence for reasonableness, we consider "not only ... the sentence itself, but also ... the procedure employed in arriving at the sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006); *accord United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). In so doing, however, we do not substitute our judgment for that of the sentencing judge; rather, our review "is akin to [that] for abuse of discretion." *United States v. Fernandez*, 443 F.3d at 27. Applying these principles to this case, we conclude

that Cheverie's sentence is both procedurally and substantively reasonable.

### 1. *Procedural Reasonableness*

■ In the absence of record evidence suggesting otherwise, we presume that a district judge has faithfully discharged his duty to consider all § 3553(a) factors when imposing sentence. *See id.* at 30; *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). Cheverie points us to nothing in the record to defeat the presumption in his case. Defendant's violation of supervision had its origins in a persistent drug and alcohol abuse problem. Because this problem had manifested itself while Cheverie was on pretrial supervision and because it had not been solved by his participation in a forty-hour drug program during his initial term of incarceration, future deterrence of Cheverie's criminal drug use was a primary focus of the sentencing proceedings. Under these circumstances, the district court's emphasis on § 3553(a)(2)(D) (referencing "need for the sentence imposed ... to provide the defendant with needed ... medical care, or other correctional treatment") is certainly understandable and in no way indicative of a failure to consider other § 3553(a) factors. *See United States v. Florez*, 447 F.3d 145, 157–58 (2d Cir.2006) (observing that weight to give § 3553(a) factors rests within district court's discretion); *see also United States v. Jimenez–Beltre*, 440 F.3d 514, 519 (1st Cir.2006) (recognizing that a court's reasons for imposing particular sentence can often be inferred from parties' arguments and pre-sentence report). Accordingly, we reject as without merit Cheverie's claim that his sentence was procedurally unreasonable.

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

### 2. *Substantive Reasonableness*

We similarly reject Cheverie's argument that his sentence was substantively unreasonable. Because " 'reasonableness' is inherently a concept of flexible meaning," *United States v. Crosby*, 397 F.3d at 115, district courts necessarily enjoy broad discretion in imposing sentences within a statutory range. "Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d at 100. This is not such a rare case.

■ Cheverie's original fifteen-month sentence represented the low end of a Sentencing Guidelines range determined by reference to an offense level of 12 and a criminal history category of III. His violation of supervision involved further criminal conduct. In these circumstances, we cannot conclude that it was unreasonable for the district court to sentence the defendant to a further term of incarceration. Nor was it unreasonable for the district court to impose the statutory maximum prison term of twenty-four months, particularly in light of its recommendation that the defendant participate in the Bureau of Prisons 500–hour residential drug abuse treatment program.

Cheverie notes that in *United States v. Pelensky*, 129 F.3d 63, 65–66 (2d Cir.1997), the district court deferred sentencing a defendant for violating his supervised release to afford him an opportunity to participate in a community-based drug detoxification program. The fact that a district court might proceed in this manner in some cases does not render Cheverie's incarceratory sentence unreasonable as a matter of law. Indeed, because the *Pelensky* defendant failed successfully to complete the detoxification program and was sentenced to a term of incarceration, it hardly provides convincing support for Cheverie's substantive challenge.

Because the two-year term of incarceration imposed in this case is neither procedurally nor substantively unreasonable, the district court's judgment of December 16, 2005 is hereby AFFIRMED.